UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YONATAN SALES JACINTO (A-Number: 209-394-330),<br><br>Petitioner,<br><br>v.<br><br>TONYA ANDREWS et al.,<br><br>Respondents. | No. 1:26-cv-08504-KES-EGC (HC)<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND REQUIRING IMMEDIATE RELEASE<br><br>Doc. 1 |

Petitioner Yonatan Sales Jacinto, also identified as Jonathan Sales Jacinto in some documents, *see* Doc. 9-1, is a nineteen-year-old immigration detainee from Guatemala proceeding pro se with a petition for writ of habeas corpus and motion for temporary restraining order. Docs. 1, 4. Petitioner was first encountered near the Mexico border in 2016, as a minor. Doc. 9-1 at 2. Petitioner alleges that he was initially detained at that time, before being released along with his mother, and that he has lived in the United States since 2016. Doc. 1 at 5. Petitioner was given a notice to appear, but on November 15, 2023, an immigration judge terminated proceedings. Doc. 9-1 at 2. Immigration officials took petitioner into custody on August 13, 2026. Doc. 9-1 at 2. Petitioner was charged with resisting an officer without violence on that date, Doc. 9-3, but respondents do not assert that petitioner was ever convicted of any offense. Petitioner has now been in immigration custody for over two months without a bond hearing. Doc. 1 at 5-6; Doc. 9. Petitioner has a pending application for asylum and had a valid work permit when he was detained. Doc. 1 at 5.

Respondents concede that § 1226(a) governs petitioner's detention, and they argue that petitioner is entitled to seek a custody redetermination hearing before an immigration judge. Doc. 9 at 1. Respondents further argue that because petitioner has not yet sought a custody redetermination hearing, "[t]he Court should deny the petition for lack of exhaustion or, alternatively, limit relief to the bond hearing the statute already affords." *Id.*

But when a noncitizen has previously been released pursuant to 8 U.S.C. § 1226(a) and is subsequently re-detained pending removal proceedings, the Due Process Clause requires a bond hearing where the government bears the burden of proving that the noncitizen is a flight risk or danger to the community by clear and convincing evidence. *See, e.g.*, *Luis Alberto R.C. v. Murray*, 817 F. Supp. 3d 917 (E.D. Cal. 2025); *Elmer Joel M. C. v. Wofford*, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025); *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025); *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025); *Marina V.N. v. Robbins*, No. 1:25-CV-01845-KES-SKO (HC), 2025 WL 3701960 (E.D. Cal. Dec. 21, 2025).

Respondents do not distinguish petitioner's situation from these cases. For the reasons addressed in *Luis Alberto R.C. v. Murray*, 817 F. Supp. 3d 917 (E.D. Cal. 2025), *Elmer Joel M. C. v. Wofford*, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025), *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025), *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025), and *Marina V.N. v. Robbins*, No. 1:25-CV-01845-KES-SKO (HC), 2025 WL 3701960 (E.D. Cal. Dec. 21, 2025), the court finds that petitioner's re-detention without a bond hearing violates due process.

In this case, that bond hearing should have been provided before petitioner was detained. "'[T]he root requirement' of the Due Process Clause" is "'that an individual be given an opportunity for a hearing *before* he is deprived of any significant protected interest.'" *Cleveland Bd. of Educ. v. Loudermill,* 470 U.S. 532, 542 (1985) (quoting *Boddie v. Connecticut,* 401 U.S. 371, 379 (1971)); *see Zinermon v. Burch*, 494 U.S. 113, 127 (1990) ("Applying [the *Mathews*]

test, the Court usually has held that the Constitution requires some kind of a hearing *before* the State deprives a person of liberty . . . ."). Courts typically require evidence of urgent concerns or an especially strong government interest to justify a post-deprivation hearing. *See Guillermo M. R. v. Kaiser*, 791 F. Supp. 3d 1021, 1035–37 (N.D. Cal. 2025); *United States v. James Daniel Good Real Prop.*, 510 U.S. 43, 53, 59–61 (1993) ("We tolerate some exceptions to the general rule requiring predeprivation notice and hearing, but only in extraordinary situations where some valid governmental interest is at stake that justifies postponing the hearing until after the event[,]" such as "executive urgency." (internal quotations omitted)). Respondents do not establish any urgent circumstances in this case. The government does not allege that petitioner has been convicted of any crime. *See* Doc. 9; Doc. 9-3.

Petitioner alleges that he was at Walgreens when he was "a victim of [a] random immigration sweep." Doc. 1 at 6. Petitioner has lived freely in the United States for nearly ten years, and for his entire adult life. Doc. 9-1 at 1-2. He has applied for asylum and holds a work permit. Doc. 1 at 5. As the court noted in *Luis Alberto R.C. v. Murray*, "petitioner has a significant privacy interest in remaining free from detention." 817 F. Supp. 3d 917, 926-27 (E.D. Cal. 2025). Additionally, "the government's interest in detaining petitioner without a hearing is 'low.'" *Id.* at 927 (citing *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019); *Doe v. Becerra*, 787 F. Supp. 3d 1083, 1093-95 (E.D. Cal. 2025)). Therefore, the court finds that petitioner's re-detention without a bond hearing violates due process.

Accordingly, the petition for writ of habeas corpus is GRANTED. Respondents are ORDERED to release petitioner Yonatan Sales Jacinto (A-Number: 209-394-330) immediately. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that his physical custody is legally justified.[1]

Respondents are ORDERED to provide petitioner with a copy of this Order upon his

[1] This Order does not address the circumstances in which respondents may detain petitioner in the event he becomes subject to an executable final order of removal.

release.

The Clerk of Court is directed to close this case, terminate any pending motions as moot, and enter judgment for petitioner. The Clerk is also directed to serve Golden State Annex with a copy of this Order.

IT IS SO ORDERED.

Dated: November 8, 2026

UNITED STATES DISTRICT JUDGE